IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CRAIG SCHULTZ AND BELEN SCHULTZ,<br><br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC,<br><br>    Defendant. | NO: 14-cv-2038-EJM |

_____

**COMPLAINT**

**NATURE OF ACTION**

1.    This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Iowa Debt Collection Practices Act ("IDCPA"), Iowa Code § 537.7103.

**JURISDICTION**

2.    This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3).

3.    Venue is proper before this Court, where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

1

## PARTIES

4. Plaintiffs Craig Schultz and Belen Schultz ("Plaintiffs") are natural persons and husband and wife who at all relevant times resided in the State of Iowa, County of Chikasaw, and City of Ionia.

5. Defendant, Verizon Wireless Services, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs.

## FACTUAL ALLEGATIONS

6. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt or debts owed or due to Defendant.

7. Plaintiffs' obligations, or alleged obligations, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely personal cellular telephone services rendered (the "Debt").

8. Mrs. Schultz sent written communication to Defendant disputing a billing error on July 22, 2013. *See* July 22, 2013 Correspondence, attached as Exhibit A.

9. Mrs. Schultz's July 22, 2013 correspondence stated in pertinent part:

> Please be advised that it is inconvenient for Verizon to call any of my cell phone numbers. I revoke any prior express consent for Verizon to call the above mentioned numbers concerning any billing errors or disputes.

2

10. On July 31, 2013, Defendant responded to Mrs. Schultz's July 22, 2013, correspondence acknowledging receipt of Mrs. Schultz's correspondence, and stating in pertinent part:

> I would be happy to speak with you regarding this matter and would like to review the billing associated with the mobile number in question, but **you requested not to be contacted via telephone**.

*See* July 31, 2013 Correspondence, attached as Exhibit B (emphasis added).

11. On August 27 and 28, 2013, Defendant sent Mrs. Schultz e-mails that each confirmed Defendant's understanding that Belen had requested not to be contacted via telephone. *See* August 27, 2013 Correspondence, attached as Exhibit C; August 28, 2013 Correspondence, attached as Exhibit D.

12. On September 23, 2013, Mrs. Schultz sent written communication to Defendant in connection with the billing dispute of the Debt. *See* September 23, 2013 Correspondence, attached as Exhibit E.

13. In Mrs. Schultz's September 23, 2013, written correspondence, she stated in pertinent part:

> I revoke all consent to contact me by cell phone. This revocation of express consent passes on to any and all assignees of my Verizon account.

14. Defendant responded to Mrs. Schultz's September 23, 2013, written correspondence acknowledging receipt of it on October 3, 2013.

15. Defendant placed telephone calls to Plaintiffs' cellular telephone numbers, including on the following dates and approximate times:

3

1. September 3, 2013 at 2:29 PM;
2. September 3, 2013 at 4:04 PM;
3. September 4, 2013 at 2:25 PM;
4. September 4, 2013 at 4:03 PM;
5. September 4, 2013 at 7:03 PM;
6. September 5, 2013 at 10:07 AM;
7. September 5, 2013 at 1:04 PM;
8. September 5, 2013 at 7:03 PM;
9. September 6, 2013 at 10:06 AM;
10. September 6, 2013 at 1:02 PM;
11. September 6, 2013 at 4:03 PM;
12. September 6, 2013 at 7:02 PM;
13. September 7, 2013 at 10:06 AM;
14. September 7, 2013 at 1:03 PM;
15. September 7, 2013 at 4:02 PM;
16. September 7, 2013 at 7:03 PM;
17. September 9, 2013 at 10:09 AM;
18. September 9, 2013 at 1:05 PM;
19. September 9, 2013 at 4:03 PM;
20. September 9, 2013 at 7:03 PM;
21. September 10, 2013 at 10:09 AM;
22. September 10, 2013 at 1:02 PM;
23. September 10, 2013 at 4:02 PM;
24. September 10, 2013 at 7:03 PM;
25. September 11, 2013 at 10:04 AM;
26. September 11, 2013 at 1:02 PM;
27. September 11, 2013 at 4:02 PM;
28. September 12, 2013 at 8:27 AM;
29. September 12, 2013 at 12:46 PM;
30. September 13, 2013 at 8:10 AM;
31. September 13, 2013 at 11:32 AM;
32. September 13, 2013 at 3:10 PM;
33. September 13, 2013 at 3:14 PM;
34. September 13, 2013 at 5:26 PM;
35. September 14, 2013 at 2:30 PM;
36. September 14, 2013 at 5:05 PM;
37. September 14, 2013 at 5:07 PM;
38. September 17, 2013 at 12:57 PM;
39. September 17, 2013 at 1:52 PM;
40. September 18, 2013 at 2:04 PM;
41. September 19, 2013 at 9:51 AM;
42. September 19, 2013 at 12:50 PM;
43. September 19, 2013 at 2:45 PM;

44. September 19, 2013 at 2:48 PM;
45. September 19, 2013 at 4:54 PM;
46. September 24, 2013 at 8:48 AM;
47. November 7, 2013 at 1:09 PM;
48. November 7, 2013 at 4:25 PM;
49. November 8, 2013 at 8:01 AM;
50. November 8, 2013 at 8:02 AM;
51. November 8, 2013 at 11:02 AM;
52. November 8, 2013 at 1:51 PM;
53. November 11, 2013 at 12:40 PM;
54. November 12, 2013 at 1:37 PM;
55. November 12, 2013 at 2:57 PM;
56. November 12, 2013 at 4:22 PM;
57. November 12, 2013 at 4:24 PM;
58. November 13, 2013 at 9:07 AM;
59. November 13, 2013 at 12:04 PM;
60. November 13, 2013 at 2:21 PM; and
61. November 13, 2013 at 5:08 PM;

16. Defendant left a pre-recorded voicemail on Mrs. Schultz's cellular telephone on the following dates:

1. September 4, 2013; and
2. September 11, 2013;

17. Defendant additionally left a pre-recorded voicemail on Mr. Schultz's cellular telephone on the following dates:

1. September 3, 2013;
2. September 5, 2013;
3. September 6, 2013;
4. September 7, 2013;
5. September 9, 2013; and
6. September 10, 2013.

18. During September, October, and November, 2013, Defendant placed at least 13 text messages to Mr. Schultz's cellular telephone number.

5

19. During September, October, and November, 2013, Defendant placed at least 4 text messages to Mrs. Schultz's cellular telephone number.

20. Between March 28, 2014 and April 9, 2014, Defendant placed at least 6 telephone calls to Mr. Schultz's new cellular telephone number.

21. Upon information and belief, all of the telephone calls identified above were placed to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

22. Upon information and belief, all of the text messages identified above were placed to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

23. All of the voicemails identified above were placed to Plaintiffs' cellular telephone numbers using an artificial or pre-recorded voice.

24. Defendant did not place any telephone calls to Plaintiffs for emergency purposes.

25. Defendant did not have prior express consent to contact Plaintiffs on their cellular telephone numbers.

26. Upon information and belief, Defendant placed the telephone calls identified above voluntarily.

27. Upon information and belief, Defendant placed the telephone calls identified above under its own free will.

28. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place telephone calls to Plaintiffs.

6

29. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place telephone calls to Plaintiffs.

30. Upon information and belief, Defendant maintains business records that document all telephone calls placed to Plaintiffs.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227

31. Plaintiffs repeat and re-allege each and every factual allegation above.

32. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiffs in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiffs statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding other and further relief as this Court may deem just and proper.

## COUNT II
## VIOLATION OF IDCPA § 537.7103(1)(f)

21. Plaintiffs repeat and re-allege each and every factual allegation above.

22. Defendant violated the IDCPA at § 537.7103(1)(f) by taking an action prohibited by law.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated Iowa Code § 537.7103(1)(f);

b) Awarding Plaintiffs statutory damages, under Iowa Code Ann. § 537.5201(1.a)(25) in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, under Iowa Code Ann. § 537.5201(1.a)(25);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action under Iowa Code Ann. § 537.5201(8);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law, and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF IDCPA § 537.7103(2)(d)

21. Plaintiffs repeat and re-allege each and every factual allegation above.

22. Defendant violated the IDCPA at § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at

8

Case 6:14-cv-02038-EJM   Document 2   Filed 06/17/14   Page 8 of 9

unusual hours or times known to be inconvenient, with intent to annoy, harass or threaten a person.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated Iowa Code § 537.7103(2)(d);

b) Awarding Plaintiffs statutory damages, under Iowa Code Ann. § 537.5201(1.a)(25) in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, under Iowa Code Ann. § 537.5201(1.a)(25);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action under Iowa Code Ann. § 537.5201(8);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law, and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: June 17, 2014    Respectfully submitted,

/s/ JD Haas
JD Haas, Esq., AT0003014
JD Haas and Associates, PLLC
Attorneys for Plaintiff
10564 France Avenue South
Bloomington, MN 55431
Telephone:   (952) 345-1025
Facsimile:   (952) 854-1665
Email: JDHaas@consumerlawinfo.com